UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,

     Plaintiff,

v.                            Case No. 3:22-CV-17426-LC-HTC

ESCAMBIA COUNTY BOARD OF COMMISSIONERS,
  ESCAMBIA COUNTY JAIL,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Escambia County Jail (the "Jail"), has filed this suit seeking injunctive and compensatory relief arising from the conditions of his confinement at the Jail. ECF Doc. 1. Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis*. ECF Doc. 2. By separate order, the Court denied the motion because Plaintiff is a 3-striker under 28 U.S.C. § 1915(g) who did not pay the filing fee and who has not shown he is under imminent danger of physical injury. The precedent in this circuit is that when a district court denies a prisoner leave to proceed *in forma pauperis* under the three strikes provision, "the proper procedure is for the district court to dismiss the complaint without prejudice". *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Thus, the undersigned recommends this action be dismissed. Additionally, and as a separate and sufficient

ground for dismissal, Plaintiff has also failed to truthfully disclose his complete litigation history.

### A.    Dismissal Under 28 U.S.C. § 1915(g).

As set forth in the separately docketed and contemporaneously issued order denying Plaintiff's motion to proceed *in forma pauperis,* the Court takes judicial notice that Plaintiff has had at least three cases or appeals dismissed on one of the enumerated grounds.  Those three (3) cases are:  *Morris v. May*, 19-14300 (appeal dismissed as "frivolous");  *Morris v. May*, 19-14884 (appeal dismissed as "frivolous"); *Morris v. Escambia County Jail*, 3:09-cv-00474-MCR/MD (dismissed as "malicious").  Thus, absent a showing Plaintiff is under imminent danger of serious physical injury, the motion should be denied *and* this action dismissed for failure to pay the full filing fee at the time of filing.  28 U.S.C. §1915(g); *see Dupree*, 284 F.3d at 1236.  Plaintiff does not meet the imminent danger exception.

First, as to the complaint regarding the conditions of the Jail, Plaintiff does not identify which of the conditions complained of he has been exposed to, the length of the exposure, or contend that any have caused him physical harm.  Instead, Plaintiff speculates that the conditions could cause him and other inmates future harm.[1]  For example, Plaintiff complains about the lack of hot cooked meals and

---

[1] Plaintiff appears to seek relief on his own behalf as well as other inmates.  Plaintiff, however, cannot bring this action on behalf of other inmates; nor can he represent a class.  *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (the right to proceed *pro se* is "a personal right that

says it could create the "possibility and development of mold"; he complains about rusting steel and says it could lead to the collapse of walls; and he complains about the water tasting bad and speculates it "is probably contaminated with lead and other harmful elements." ECF Doc. 1 at 6.

Such speculative allegations of potential or future harm are insufficient to meet the immediate danger exception. *See e.g., Daker v. Ward*, 999 F.3d 1300, 1312 (11th Cir. 2021) ("Daker's claim that being forcibly shaved with damaged and unsanitary clippers could expose him to an infectious disease like HIV or hepatitis is too speculative to establish he was under imminent danger."); *Polanco v. Hopkins,* 510 F.3d 152, 155 (2d Cir. 2007) (affirming district court's decision that prisoner did not meet § 1915(g)'s exception where prisoner alleged speculative health risks associated with his exposure to mold); *James v. Lombardi*, 2013 WL 1351104, at *1 (E.D. Mo. Apr. 2, 2013) ("The Court does not find that the existence of black mold in the showers at 17 House Transfer Showers is enough to place plaintiff in 'imminent danger of serious physical harm' within the context of 28 U.S.C. § 1915(g)."); *Cardona v. Bledsoe,* 2011 WL 1832777, *6 (M.D.Pa., May 12, 2011) (finding that inmate's conclusory allegations concerning possible asbestos exposure

---

does not extend to the representation of the interests of others."); *Wallace v. Smith*, 145 F. App'x. 300, 302 (11th Cir. 2005) ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) and citing *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972)).

were insufficient to invoke § 1915(g)'s exception); *Jackson v. Auburn Corr. Fac.,* 2009 WL 1663986 (N.D.N.Y., Jun. 15, 2009) (holding that prisoner's allegation of exposure to second hand smoke does not constitute imminent danger).

Second, several of the conditions complained of, such as inmates not having their own toilet paper rolls, the lack of a jail barber, and elevators and dorm doors getting stuck, simply do not present any immediate or future physical harm. Similarly, not having access to religious services does not place Plaintiff in imminent physical danger.

Third, Plaintiff's claim relating to his hernia does not show he is subjected to imminent physical harm.   While Plaintiff contends he is not getting medical treatment, he also acknowledges jail medical staff have looked at the hernia and also drawn blood.  ECF Doc. 1 at 8.  Thus, this is not a case where treatment for a serious medical condition has been withdrawn or is not being provided.  *See, e.g., O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804-05 (11th Cir. 2016) (per curiam) (prisoner failed to allege he was in imminent danger of serious physical injury where he "did not experience a 'complete withdrawal of treatment'" and his fears that "his symptoms would lead to cancer were speculative and not factually supported"); *see also Simmons v. Clark*, 88 F. App'x 275 (9th Cir. 2004) (unpublished opinion) (affirming district court's conclusion that plaintiff was not in imminent danger of serious physical injury where plaintiff merely "disagree[d] with prison doctors about

his course of treatment"); *Jones v. Doctors*, 2021 WL 4310988, at *3 (S.D. Cal. Sept. 22, 2021) (denying motion to proceed *in forma paupers*, because "Plaintiff's allegations show that following his complaint of pain he was treated by medical staff), citing *Balzarini v. Lewis*, 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, Case, 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding imminent danger exception does not apply where the prisoner is receiving medical treatment but disputes the quality of the treatment he is receiving); *Stephens v. Castro*, 2006 WL 1530265, at *1 (E.D. Cal. May 31, 2006) (disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under Section 1915(g)).

Because Plaintiff cannot proceed *in forma pauperis*, and has failed to pay the filing fee, this action should be dismissed.

### B.    Failure to Disclose

As a separate and independent ground for dismissal, Plaintiff has also failed to truthfully disclose his complete litigation history.  Section VIII. of the complaint form, titled "Prior Litigation" specifically asks the Plaintiff to disclose (A) all federal cases or appeals he has had dismissed as frivolous, as malicious, or for failure to state a claim; (B) all state or federal lawsuits dealing with the same facts or issue as

the instant case; (C) all state or federal lawsuits challenging his conviction (including habeas petitioners) or challenging the conditions of his confinement.  In response, Plaintiff identified the following five (5) federal cases:  *Morris v. Escambia County Jail*, 3:09cv474, which he contends was dismissed without prejudice; *Morris v. Castor*, 3:11cv1, which he contends was dismissed with prejudice; *Morris v. Johnson*, 3:16cv15, which he contends was denied in part and granted in part; *Morris v. Jones*, 3:16cv40, which he simply contends was "denied"; and *Morris v. Florida*, 3:17cv692, which he contends was dismissed without prejudice.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.  Upon such an investigation, the undersigned takes judicial notice that Plaintiff also filed the following **seven (7)** federal cases and appeals, which he did not disclose:

- *Morris v. Sec'y*, 18-10087 (11th Cir.)

- *Morris v. May*, 19-12544 (11th Cir.)

- *Morris v. May,* 19-14300 (11th Cir.)

- *Morris v. May*, 19-14884 (11th Cir.)

- *Morris v. McNeil,* 3:08cv482-MCR/MD

- *Morris v. State of Florida,* 3:08cv492-LC/EMT

- *Morris v. State of Florida,* 3:10cv492-RV/EMT

Plaintiff did not disclose those cases, and, as stated in Section A. above, two of the appeals were dismissed as frivolous.  Also, Plaintiff's prefatory statement that the five federal cases he disclosed were "to the best of knowledge" the only federal cases he filed is not credible given the number of cases he failed to disclose *and* the fact that one of the cases Plaintiff did disclose, 3:09-cv-474, was a case that was dismissed as malicious because Plaintiff failed to disclose his 2008 and 2010 cases.[2] Moreover, the complaint form specifically directs Plaintiff to "err on the side of caution if you are uncertain whether a case should be identified".  ECF Doc. 1 at 11. Regardless, any contention Plaintiff does "not know/or remember" all the cases he filed is unavailing.  *See Belvin v. Burke Cty. Sheriff Dep't,* 2013 WL 4047150, at *1 (S.D. Ga. Aug. 9, 2013) ("Plaintiff's contention that he 'forgot' about the cases he failed to disclose—and was thus unable to provide even the simple detail that he had filed several other federal lawsuits in addition to those disclosed—is unavailing.) (citing *Shelton v. Rohrs,* 406 F. App'x 340, 341 (11th Cir.2010) (*per curiam* ) (district court did not abuse discretion in dismissing prisoner plaintiff's complaint

---

[2] Plaintiff did not check "yes" or "no" in response to the question regarding whether any cases were dismissed as a strike, and did not identify any of the disclosed cases as having been dismissed on a ground qualifying as a strike.

without prejudice for failure to disclose prior litigation history where he contended that he "did not remember" filing the suits and that his "records were unavailable to him"; "[e]ven if [plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits.").

Plaintiff's pro se status also does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "***failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals - may result in dismissal of this case***." ECF Doc. 1 at 11. Nonetheless, Plaintiff made a false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28

U.S.C. § 1915(e)(2)); *Johnson v. Crawson, Case* No. 5:08cv300-RS-EMT, 2010 WL 1380247, *2 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United* States, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As a district judge in this District aptly stated, "If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Thus, the undersigned recommends this action be dismissed as malicious and an abuse of the judicial process.

Accordingly, it is respectfully RECOMMENDED:

1.     This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a 3-striker under 28 U.S.C. § 1915(g), and also as malicious for Plaintiff's abuse of the judicial process by failing to truthfully disclose his prior litigation history.

2.     The clerk be directed to close the file on this matter.

DONE this 12th day of September 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.